# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, <br><br>          Plaintiff, <br><br>    v. <br><br> **PINE RIVER HEALTHCARE, LLC d/b/a PINE RIVER HEALTHCARE CENTER**, <br><br>          Defendant. | Civil action no.: 2:17-cv-12321-TLL-PTM <br><br> Judge Thomas L. Ludington |

## CONSENT JUDGMENT

Plaintiff, **R. ALEXANDER ACOSTA**, Secretary of Labor ("Plaintiff"), United States Department of Labor, having filed the complaint in this matter, and Defendant **PINE RIVER HEALTHCARE, LLC, d/b/a PINE RIVER HEALTHCARE CENTER ("Pine River"),** hereby appearing by counsel, acknowledging receipt of the copy of the complaint herein and waiving service thereof, and having been duly advised of the premises, agree to the entry of this judgment without contest.

**NOW**, therefore upon motion of attorney for Plaintiff and Defendant, and for cause shown,

**JUDGMENT IS HEREBY ENTERED** against Defendant pursuant to sections 105 and 107 of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*., ("the Act" or "FMLA").

## I

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,** pursuant to section 107(d) of the Act, that the Defendant, its officers, agents, servants, employees, and all persons in active concert or participation with Defendant be, and hereby is, permanently enjoined and restrained from violating the provisions of the Act in any of the following manners:

(a) Defendant shall not, contrary to section 105(a)(1) of the Act, interfere with, restrain, or deny employees their FMLA entitlements by:

(i) failing to inform employees that their conditions potentially qualify for FMLA leave when Defendant has knowledge that an employee's leave may be for an FMLA-qualifying reason;

(ii) failing to timely provide FMLA notices to employees, including, but not limited to, rights and responsibilities notices, eligibility notices, and designation notices;

(iii) assessing attendance points and/or discipline to employees for exceeding absence limits due to Defendant's failure to inform employees that their leave may be FMLA-qualifying; and

(iv) requiring employees to cover their shifts when it is known that the employee's leave may be for an FMLA-qualifying reason.

## II

In order to ensure compliance with the provisions of this Consent Judgment and with the Act, Defendant shall take the following actions:

a) Within six months after entry of this Consent Judgment, Defendant shall provide training to Defendant's head floor nurses and human resources administrators and to any other employees of Defendant who assist with Defendant's administration of FMLA leave. For

a period of three years thereafter, refresher FMLA training will be required once per year for the above staff and all new staff members hired into these positions.

  i. The training will encompass the following topics:

   - qualifying reasons for FMLA leave, including what constitutes a serious health condition under the FMLA;

   - how to recognize and properly respond to information from employees that indicates a potential need for FMLA leave;

   - how and when to provide FMLA notices, including, but not limited to, rights and responsibilities notices, eligibility notices, and designation notices.

  ii. The training will be provided by a regional human resources representative from Consulate Health Care who is able to provide expert training on the FMLA provisions found at 29 C.F.R. Part 825.

  iii. Defendant will maintain a training log and will require employees who receive the training referenced herein above to sign and date the training log. A copy will be kept for a period of three years from the date of each training.

b) Within two pay periods after the entry of this Consent Judgment, a copy of the following Wage Hour Division FMLA Fact Sheets ("FS") shall be given to each current and future employee of Defendant: FS 28 (General FMLA); FS 28F (Reasons for FMLA leave); and Fact Sheet 28E (Employee Notice Requirements). An acknowledgement of receipt of these fact sheets must be signed by the employee and his/her supervisor and placed in the employee's personnel file for a period of two years and made available for review by Wage Hour personnel as requested. The same procedure shall be used for all new hires within two weeks of the start of their employment. These fact sheets are publicly available at the following web address: https://www.dol.gov/whd/fmla/fact_sheets.htm.

## III

**FURTHER**, it is agreed by the parties herein and hereby **ORDERED** that each party bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date and shall waive all rights to relief in this case under the Equal Access to Justice Act of 1980, as amended (28 U.S.C. § 2412 *et seq*.).

**This is a final order which closes the case.**

**SO ORDERED.**

| | |
|---|---|
| Dated: September 8, 2017 | s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge |

**The parties hereby agree to the entry of this judgment.**

| | |
|---|---|
| **PINE RIVER HEALTHCARE, LLC d/b/a**<br>**PINE RIVER HEALTHCARE CENTER** | **NICHOLAS C. GEALE**<br>Acting Solicitor of Labor |
| | |
| | **CHRISTINE Z. HERI**<br>Regional Solicitor |
| /s/  Audrey J. Forbush<br>**AUDREY J. FORBUSH**<br>Attorney | /s/  Catherine L. Seidelman<br>**CATHERINE L. SEIDELMAN**<br>Attorney |
| Plunkett Cooney<br>Plaza One Financial Center<br>111 East Court Street, Suite 1B<br>Flint, MI 48502<br>T: (810) 232-5100<br>F: (810) 232-3159<br>Email: aforbush@plunkettcooney.com | U.S. Department of Labor<br>Office of the Solicitor<br>230 S. Dearborn St., Rm 844<br>Chicago, IL 60604<br>T: (312) 353-4995<br>F: (312) 353-5698<br>Email: seidelman.catherine@dol.gov |

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 8, 2017.

                                        s/Kelly Winslow
                                        KELLY WINSLOW, Case Manager